UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMONA GONZALEZ, an individual, on behalf of herself and all others similarly situated,

        Plaintiffs,

   v.

CITIGROUP, INC.,

        Defendant.
_____/

NO. CIV. S-11-0795 LKK/GGH

O R D E R

This is a putative class action filed on behalf of individuals who have been contacted by Citibank on their cellular phones without prior consent, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). Defendant Citibank has filed a Motion to Compel Arbitration and Stay Action, ECF No. 8, which plaintiff opposes.

////

////

////

1

**I. Background**

**A. Factual Assertions**[1]

Plaintiff alleges that she has never owned or opened an account with defendant Citibank. Plaintiff was not listed as a reference on any other Citibank account, and did not list her cell phone number during any transaction with Citibank.

Defendant called plaintiff's cell phone to collect on an allegedly delinquent Citibank debt. Defendant called plaintiff on her cell phone to collect the debt numerous times over a several month period. The telephone contact was made via an automatic dialing system, and the calls used an artificial pre-recorded device. The calls did not have an emergency purpose.

Defendant's opposition asserts that plaintiff had a ConocoPhillips branded credit card issued by defendant, and that the ConocoPhillips credit card account is subject to a written card agreement that contains an arbitration clause. Defendant claims that the arbitration clause states: "All claims are subject to arbitration, no matter what legal theory they are based on or what remedy. . . they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other source of law. . ." Def.'s Mot. to Compel 3.

////

---

[1] Unless otherwise noted, the factual assertions in this section are based on the allegations in Plaintiff's Complaint, ECF No. 1.

**B. Procedural Background/Order to Show Cause**

Defendant's motion to compel arbitration was initially set for hearing on August 1, 2011. Minutes before the hearing, plaintiff's counsel's office contacted the court to indicate that plaintiff's counsel would not be appearing at the hearing because the parties were negotiating dismissal of the case. Defense counsel appeared at the hearing and informed the court that plaintiff's counsel had initiated the settlement discussions approximately one hour prior to the scheduled hearing, but that there was no agreement at the time of the hearing. The court issued an order on August 2, 2011 ordering plaintiff's counsel to appear at the hearing on August 29, 2011 to show cause why he should not be sanctioned in the amount of $150 plus defendant's costs for not appearing at the scheduled hearing on August 1, 2011. At the August 29, 2011 hearing, plaintiff's counsel stated that he had an allergic reaction to shellfish that he ate shortly before the hearing. Having found good cause, the court finds that no sanction is appropriate.[2]

Also at the August 29, 2011 hearing, the court gave plaintiff ten days to submit a declaration stating whether or not she had any knowledge of the written card agreement. Plaintiff submitted a declaration on September 12, 2011, along with a declaration stating that the filing was late because of a power outage affecting San Diego and Orange Counties on September 8, 2011. ECF No. 23. The

---

[2] What his allergic reaction has to do with his representation to the court is, to say the least, unclear. Nonetheless, the harm that sanctions would seek to compensate for is the failure to appear and not the misrepresentation.

3

court finds that the declaration was timely filed.

## II. Standard for a Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25(1983); see also Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008). Federal courts are required to enforce an agreement to arbitrate. See Hall Street Assocs., 552 U.S. at 582. "Courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1744 (2011) (internal citations omitted).

Section 4 of the FAA permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. Id.

In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute but must limit its inquiry to (1) whether the contract containing the

4

arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. See Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 477-78 (9th Cir. 1991), cert denied, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

Courts apply a Rule 56 summary judgment standard to motions to compel arbitration. See, e.g., Concat LP v. Unilever, PLC, 350 F.Supp.2d 796, 804 (N.D. Cal. 2004); Invista North America, S.a.r.l. v. Rhodia Polyamide Intermediates S.A.S. 503 F.Supp.2d 195, 200 (D.D.C. 2007). Only when there is no genuine issue of material fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. "The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc. 925 F.2d 1136, 1141 (9th Cir. 1991).

### III. Analysis

Defendant argues that plaintiff's claims under the Telephone Consumer Protection Act are subject to binding arbitration because plaintiff's claims fall within the scope of the arbitration

5

1  agreement and the arbitration agreement is valid and enforceable.
2  Plaintiff argues that defendant has not provided the arbitration
3  agreement that plaintiff is allegedly bound by. Plaintiff's
4  alternative arguments are that TCPA provides for a private right
5  of action that cannot be subjected to mandatory arbitration, and
6  that the arbitration agreement is unconscionable.

7  **A. Whether there is a valid agreement to arbitrate**

8      Arbitration is a matter of contract, and a party cannot be
9  required to submit any dispute to arbitration which he has not
10 agreed to submit. AT & T Technologies, Inc. v. Communications
11 Workers, 475 U.S. 643, 648 (1986). Before a party to a lawsuit can
12 be ordered to arbitrate and thus be deprived of a day in court,
13 there should be an express, unequivocal agreement to that effect.
14 Three Valleys Municipal Water District v. E.F Hutton & Company
15 Inc., 925 F.2d 1136, 1141 (9th Cir.1991). As noted, courts apply
16 a summary judgment standard to motions to compel arbitration. See,
17 e.g., Concat LP v. Unilever, PLC, 350 F.Supp.2d 796, 804 (N.D. Cal.
18 2004); Invista North America, S.a.r.l. v. Rhodia Polyamide
19 Intermediates S.A.S. 503 F.Supp.2d 195, 200 (D.D.C. 2007).

20     Defendant has submitted a declaration from Jamie Moilanen, a
21 manager for Citicorp Credit Services. The declaration states that
22 Citibank is the issuer of ConocoPhillips credit card accounts,
23 including a card issued to plaintiff. Moilanen Decl. ¶ 6. The
24 declaration also states that all ConocoPhillips credit cards are
25 governed by the terms and conditions of Card Agreements, as amended
26 from time to time, and that all Card Agreements contain arbitration

agreements. Id. According to Mr. Moilanen, defendant's records for plaintiff's account reflect that in May 2008 and January 2009, Citibank sent plaintiff a complete copy of the Card Agreement governing her account. Id. ¶ 7. Defendant did not submit a copy of the records referred to by Mr. Moilanen in ¶ 7. Attached to the declaration are "a true and correct representative sample" of the Card Agreements that according to the declaration, were sent to plaintiff in May 2008 and January 2009. According to the Moilanen declaration, in May 2008, defendant sent plaintiff a "Notice of Change in Terms and Right to Opt Out." Id. ¶ 8, 9; Ex. A; Ex. B. Mr. Moilanen asserts that plaintiff did not opt out of the terms of the Card Agreement by the method described in the notice accompanying the Card Agreement. The declaration appears unsupported by any admissible evidence.

Plaintiff's complaint alleges that plaintiff has "never opened or owned an account with CITI." Compl. 4:1. Plaintiff's declaration states that she does "not recall ever receiving a notice of change of terms and conditions to [her] ConocoPhillips credit card." Decl. Gonzales, ECF No. 23. Further, plaintiff argues that defendant did not provide a true and correct copy of the actual arbitration agreement to which plaintiff is a party, in order to allow plaintiff to defend against the actual language that plaintiff is allegedly subject to. Pl.'s Oppo 2.

Applying a summary judgment standard to the instant case, the court agrees that defendant has not shown that plaintiff is subject to an arbitration agreement. Plaintiff, in her complaint and

declaration, raised an issue as to whether she is party to any contract with defendant, and defendant has not extinguished that genuine issue of material fact. The Moilanen declaration provides that the agreements supplied as exhibits are copies of "representative samples" of the agreements mailed to plaintiff. The court declines to compel plaintiff to arbitrate her claim without further proof of an arbitration agreement. For example defendant has not produced any records linking the Card Agreements to an account held by plaintiff. In most cases, a party to a contract could produce a copy of the actual contract that it is asserting. At the very least, defendant should be able to produce something akin to serial numbers on the Card Agreements provided, and then a record of plaintiff's account indicating which Card Agreements were mailed to her.

Because the court is not convinced that the Card Agreements produced by defendant are binding on plaintiff, the court declines to address whether the Card Agreements are enforceable, and whether plaintiff's TCPA claim is within the scope of a binding arbitration agreement.

## IV. Conclusion

For the foregoing reasons, defendant's motion to compel arbitration, ECF No. 8, is DENIED.

IT IS SO ORDERED.

DATED: September 19, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT