Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Plaintiff Ramona Gonzalez
and Mary Salinas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA GONZALEZ and MARY SALINAS, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No. 11-cv-00795-LKK-GGH<br><br>Assigned to the Hon. Lawrence K. Karlton<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITIBANK (SOUTH DAKOTA) N.A.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>Date: November 21, 2011<br>Time: 10:00 a.m.<br>Courtroom: 4 |

Plaintiffs hereby oppose Defendant's Motion for Reconsideration, on the following grounds:

1. Representative plaintiff Mary Salinas has no contractual relationship with Defendant whatsoever, and therefore cannot be compelled to submit to arbitration.

2. Defendant has failed to meet the requirements for requesting reconsideration, under Local Rule 230(j).

/ / /

/ / /

# I.

## REPRESENTATIVE PLAINTIFF MARY SALINAS HAS NO CONTRACTUAL RELATIONSHIP WITH DEFENDANT, AND THEREFORE CANNOT BE COMPELLED TO ARBITRATE HER CLAIMS

Plaintiffs' First Amended Complaint names Mary Salinas as a representative plaintiff. Factual allegations particular to Ms. Salinas are found in paragraph 13:

> Plaintiff Salinas does not and has not been an account holder with Defendant CITI. She does not and has not ever owned a credit card, owned by CITI. Accordingly, she never filled out an application for credit, was never a debtor, and never provided her cellular telephone number to CITI in connection with any "transaction that resulted in the debt owed" because there was never any such "transaction." Despite this, CITI made numerous and repeated debt collection calls to Plaintiff Salinas by autodialer, using a pre-recorded or artificial voice in an effort to collect a debt, in violation of the express provisions of the TCPA. The collection calls were made to collect a debt owed by another person, with whom Plaintiff Salinas is not acquainted.

The Court's decision to deny Defendants' motion to compel arbitration and stay this action was based upon the contractual nature of arbitration:

> Arbitration is a matter of contract, and a party cannot be required to submit any dispute to arbitration which has not agreed to submit. *AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986). Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. *Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136, 1141 (9th Cir. 1991).

2011 WL 4374997, at *3 (E.D.Cal. 2011). Given this fundamental contractual requirement, it is clear that there can be no grounds to compel arbitration if there is no contractual relationship.

While the initial motion to compel arbitration was based upon Ms. Gonzalez' relationship with Citigroup, through her gas card, there is no such relationship between Ms. Salinas and defendant whatsoever. Ms. Salinas cannot submit proof of this other than through assertion, as one cannot produce a document which does not exist. Ms. Salinas' assertion of the lack of relationship can only be rebutted by Defendant through production of an agreement. There will not be one, because it does not exist. Quite simply, if Defendant cannot produce any agreement with Ms. Salinas in its reply, the Court has no grounds upon which to compel arbitration in this matter, and its decision can be justified and upheld on that reason alone.

Additionally, Plaintiffs inform the Court herein that they are presently working to dismiss Ms. Gonzalez as a representative class member. Plaintiffs are in discussion with Defense Counsel to conclude this informally, and this process has not been finalized. When complete, Ms. Salinas will be the only representative class member. With only Ms. Salinas, there will be no ground to move for arbitration at all, since there is no applicable arbitration agreement with a non-client.

## II.

### DEFENDANT HAS FAILED TO SATISFY THE REQUIREMENTS OF LOCAL RULE 230 REGARDING MOTIONS FOR RECONSIDERATION

Local Rule 230(j) governs when parties can request reconsideration of an order. Under subsection (3), the party must offer "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Under subsection (4), the party must state "why the facts or circumstances were not shown at the time of the prior motion." Solely with respect to Ms. Gonzalez alone, Defendant has failed to meet this threshold, justifying denial of this Motion for Reconsideration. While Plaintiffs concede that the First Amended Complaint adding Ms. Salinas constitutes a new fact if *Plaintiffs* were requesting reconsideration, Defendant needed to plead its own new facts in order to succeed on a request for reconsideration. Defendant's entire argument is simply that the Court was in error on its first ruling, and should look at it again. This falls short of Rule 230(j)'s requirement.

The Court's ruling essentially found that Defendant should have produced the agreement *with Ms. Gonzalez* in its opposition, and its failure to do so left an issue of material fact as to whether there was an enforceable arbitration agreement. Production of "typical" or "representative" agreements simply did not meet the threshold of proving that there was an agreement with *this* person. Defendant failed to explain why it failed to produce these agreements in its opposition, a key component of Rule 230(j)(4): **explain why these facts were not produced in the first motion.**

Subsection (3) requires the party to show facts <u>which did not exist</u> or were not shown at the prior motion. Defendant submitted in its motion for reconsideration agreements which <u>did</u> exist at the time of the prior motion, documents which it <u>could have submitted</u> in motion to compel arbitration. This failure to explain why these documents were not submitted in the moving papers, or in the reply, falls short of

1 meeting Rule 203's requirements, leaving the Court with the decision to deny Defendant's motion for reconsideration.

## III.

## CONCLUSION

Quite simply, representative class member Mary Salinas was never a client of Citibank, Citigroup, or any other entity related to Defendant. There is therefore no contract authorizing arbitration of disputes. Absent this contract, the motion to compel arbitration must fail. The Court can affirm its September 19, 2011 Order on this ground alone.

Additionally, Defendant has failed to show why it did not provide the Court with admissible evidence in its moving or reply papers proving a contractual relationship with Ms. Gonzalez. Rule 203(j)(3) and (4) require the party moving for reconsideration to show <u>new</u> facts, and to show <u>why</u> they were not produced earlier. These two requirements were not met, further justifying the Court's authority to deny Defendant's motion for reconsideration.

Dated:   November 7, 2011            Respectfully submitted,

LAW OFFICES OF DARRELL PALMER

By: _____/s/ Joseph Darrell Palmer_____
         Joseph Darrell Palmer
Attorney for Plaintiffs Ramona Gonzalez and Mary Salinas

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2011, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Eastern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

___/s/ Joseph Darrell Palmer____
Joseph Darrell Palmer
Attorney for Plaintiff