UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMONA GONZALEZ, an individual, on behalf of herself and all others similarly situated,

        Plaintiffs,

    v.

CITIGROUP, INC.,

        Defendant.
_____/

NO. CIV. S-11-0795 LKK/GGH

O R D E R

    This is a purported class action filed on behalf of individuals who have been contacted by Citibank on their cellular phones without prior consent in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"). Pending before the court is a motion by Citibank for reconsideration of this court's September 19, 2011 order. Plaintiff opposes the motion. For the reasons stated below, defendant's motion, ECF No. 28 is GRANTED.

////

////

1

**I. Background**

In her complaint, plaintiff Gonzalez[1] alleged that she has never owned or opened an account with defendant Citibank and had never authorized Citibank to contact her on her cellular telephone. The complaint alleged that defendant called plaintiff's cell phone to collect on an allegedly delinquent Citibank debt numerous times over a several month period. The telephone contact was made via an automatic dialing system, and the calls used an artificial pre-recorded device. The calls did not have an emergency purpose.

In June 2011, defendant filed a motion to compel arbitration. In the motion, defendant asserted that plaintiff had a ConocoPhillips branded credit card issued by defendant, and that the ConocoPhillips credit card account is subject to a written card agreement that contains an arbitration clause. Def.'s Mot. to Compel 3. Accompanying the motion was a declaration by Citibank manager Jamie Moilanen, asserting that Citibank is the issuer of ConocoPhillips credit card accounts, and that those accounts are governed by card agreements that contain an arbitration clause. The declaration included an attached "representative sample" of the card agreements governing ConocoPhillips accounts including, allegedly, plaintiff's account. In an order issued on September 19, 2011, ECF No. 24, the court declined to compel arbitration without further proof of an arbitration agreement covering plaintiff's claim.

---

[1] All references to "plaintiff" refer to plaintiff Ramona Gonzalez.

Defendant now seeks reconsideration of the court's September 19, 2011 order.[2]

## II. Standard for a Motion for Reconsideration

Pursuant to L.R. 230, a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion. . . and why the facts or circumstances were not shown at the time of the prior motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

## III. Analysis

As noted in the July 19, 2011 order, a court determining whether to issue an order compelling arbitration may not review the merits of the dispute, but must limit its inquiry to whether the Federal Arbitration Act ("FAA") applies, whether there exists a valid agreement to arbitrate, and whether the dispute falls within the scope of the agreement to arbitration. See Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 477-78 (9th Cir. 1991), cert denied, 503 U.S. 919 (1992). If the answer to these questions is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement. 9

---

[2] Defendants have also filed an interlocutory appeal of the order denying the motion to compel. See ECF No. 30.

U.S.C. § 4.

Applying a Rule 56 summary judgment standard to defendant's motion to compel arbitration,[3] and giving the party opposing arbitration the benefit of all reasonable doubts and inferences,[4] this court concluded that there was a genuine issue of material fact as to whether an arbitration agreement between plaintiff and defendant applied to plaintiff's claim. This conclusion was based on plaintiff's assertion, in her complaint, that she never owned or opened an account with defendant. While defendant asserted that it had mailed to plaintiff a "Notice of Change in Terms" containing an arbitration clause, plaintiff stated in a declaration that she did not recall ever receiving that Notice. Decl. Gonzales, ECF No. 23. Defendant failed to extinguish the question of whether their was an applicable arbitration agreement because it submitted only a "representative sample" of the arbitration agreement that it alleged covered plaintiff's claim. The court noted "defendant has not produced any records linking the Card Agreements to an account held by plaintiff. In most cases, a party to a contract could produce a copy of the actual contract that it is asserting. At the very least, defendant should be able to produce something akin to a serial number on the Card Agreement provided, and then a record

---

[3] See, e.g., Concat LP v. Unilever, PLC, 350 F.Supp.2d 796, 804 (N.D. Cal. 2004); Invista North America, S.a.r.l. v. Rhodia Polyamide Intermediates S.A.S. 503 F.Supp.2d 195, 200 (D.D.C. 2007).

[4] Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc. 925 F.2d 1136, 1141 (9th Cir. 1991).

4

1  of plaintiff's account indicating which Card Agreements were mailed
2  to her." Order, September 19, 2011. ECF No. 24.

3  Defendant has now submitted such evidence to the court.
4  Accompanying the motion for reconsideration is a second
5  declaration by Jaime Moilanen, containing exhibits indicating
6  that plaintiff has a ConocoPhillips credit card issued by
7  Citibank, that plaintiff received mail addressed to her at 4851
8  Kokomo Drive in Sacramento and paid bills mailed to that address,
9  that a Notice of Change in Terms marked "CONCIT58" was mailed to
10 plaintiff on May 2, 2008, and that a Notice of Change in Terms
11 marked "OP1A109" was mailed to plaintiff on December 31, 2008.
12 September 28, 2011 Moinlanen Decl., ECF No. 28-1. Both of the
13 notices contain an arbitration clause covering "any claim,
14 dispute, or controversy" between plaintiff and defendant. See
15 Exs. 4, 7 of Moilanen Decl.

16 Plaintiffs' opposition to the Motion for Reconsideration
17 does not dispute that there is an arbitration agreement covering
18 Ms. Gonzalez's claim. Instead, plaintiffs assert the motion
19 should be denied because plaintiffs have filed an amended
20 complaint naming an additional plaintiff, Mary Salinas, who
21 allegedly has no relationship with Citibank whatsoever.
22 Plaintiffs argue that "if Defendant cannot produce any agreement
23 with Ms. Salinas in its reply, the Court has no grounds on which
24 to compel arbitration in this matter, and its decision can be
25 justified and upheld on that reason alone." Pls.' Opp'n to the
26 Motion for Reconsideration, ECF No. 36. Plaintiffs' position is

unpersuasive. Defendant seeks reconsideration of an order denying a motion to compel plaintiff Gonzales to arbitration of her claim. Allegations with respect to Mary Salinas' lack of a relationship with Citibank are irrelevant as to whether Ms. Gonzales' claim is governed by an arbitration agreement.

Plaintiffs' more meritorious argument is that defendant is not entitled to reconsideration because it has not explained why the exhibits accompanying the second Moilanen declaration were not produced when the original motion to compel was filed. The court agrees that the exhibits should have, and could have been filed then. Defendant has not offered any explanation for its failure to do so.[5]

However, the court notes that plaintiff was allowed to file a declaration after the hearing on the motion to compel, and defendant was not afforded an opportunity to rebut the evidence in the declaration. In light of the overwhelming evidence now showing that plaintiff Gonzalez's claims are subject to an arbitration agreement, the court now reconsiders its prior order in order to prevent manifest injustice. Accordingly, defendant's motion is GRANTED.

**IV. Conclusion**

For the reasons stated herein, the court ORDERS as follows:

---

[5] In response to the court's concern at the hearing on defendant's motion to compel, defendant's counsel stated "This is a credit card business. We're dealing with millions of customers..." Hearing Transcript 4:14-15.

6

        [1] Defendant's Motion for Reconsideration. ECF No. 28 is GRANTED.

        [2] Plaintiff Gonzalez' claims against Citibank in the instant action are to be arbitrated consistent with the parties' written arbitration agreement.

IT IS SO ORDERED.

DATED: November 22, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT